May Term, 1833.

POWERS
v.
HURST.

*Thursday, May 30.*

---

3b 229
Case 2
f170 164

*Thursday, May 30.*

---

## POWERS *v.* HURST.

An affidavit for a foreign attachment against the heirs of a judgment-debtor, must state the names of the defendants, and expressly aver them to be non-residents: If the affidavit state the heirs to be "*A*. and others unknown, who are not all residents in *Indiana*," it is insufficient.

The affidavit in such case, if no declaration be filed, must show that there is n executor nor administrator, nor personal assets to discharge the debt.

May Term,
1833.

POWERS
v.
HURST.

Thursday,
May 30.

ERROR to the *Harrison* Circuit Court. This suit was instituted by *Henry Hurst* against *Clement Powers* and others, whose names are unknown, heirs of *Walter E. Powers*, who all are not residents of the state. .

M'KINNEY, J.——Foreign attachment. Judgment in the Circuit Court for the amount claimed by the plaintiff below. Exception is taken to the whole proceeding, by an assignment of errors, which reaches the affidavit, the writ, the bond, the publication, and the judgment. In a proceeding of this kind, in its nature *ex parte,* and affording a·peculiar remedy, the security of the rights of those who may become the objects of its operation, has induced the adoption of a rule of construction, by which nothing is conceded to presumption in any of its stages; but he who avails himself of the remedy, is bound to a strict compliance with the provisions of the statute. This conformity to the statute must appear in every step taken.

As the first error assigned questions the sufficiency of the affidavit, and as that is the foundation of the proceeding, it is proper that it should be first in the order of examination. The affidavit states, "that on the 20th of *April,* 1820, in the *Jefferson* Circuit Court, *Kentucky,* the plaintiff recovered a judgment against *Walter E. Powers,* for 2,000 dollars, with interest at the rate of 6 *per cent. per annum,* from the 25th of *December,* 1819, until paid, and 7 dollars and 30 cents costs; that since the judgment, the defendant has died, leaving heirs *Clement Powers* and others unknown, who are not all residents of *Indiana;* that the judgment has never been paid, nor any part thereof, by the decedent in his life-time, nor by said heirs since, nor by any other person." This affidavit is founded on the act of 1824, Rev. Code, 68, s. 1, which renders liable for debts or demands against decedents, estates, &c. which may have descended to non-resident heirs. As the proceeding can only be maintained against non-residents of the state, the affidavit should state positively, that the defendants are non-residents; if this is not stated, the plaintiff is not entitled to this extraordinary remedy.

The proceeding is instituted against *Clement Powers* and others unknown, alleged to be the heirs of the judgment-defendant, who, it is said, "are not all residents of *Indiana.*" This statement of non-residence is indefinite, and clearly insufficient. If a part of the heirs were residents, they could not be joined with those who were non-residents. From the

expression used, "who are not all residents of *Indiana*," a part at least must be considered as being residents, and therefore, exclusive of other objections, the affidavit would be defective. The statute authorising the proceeding against non-resident heirs, does not authorise it against them *eo nomine*, but leaves to the rules of the common law, the mode of enforcing their liability, subject to the particular provisions of the statute. We have no recollection of a proceeding at common law against unknown heirs. At common law or in equity, if heirs are required to be made defendants to a suit, it is the duty of the plaintiff to render them such by their proper names.

We are further of opinion, that the affidavit, as there is no declaration filed, should have shown that there was no executor or administrator, or personal assets to discharge the debt, since personal assets are primarily liable for the debts of the decedent, and it is only on their exhaustion that the heir becomes responsible. Even then his responsibility is qualified. An estate in land must have descended to him, and it is only to the value of the land so descended, that he is liable.

Without extending this examination further, we will remark, that errors equally as fatal as those noticed, appear in the subsequent proceedings, and that the judgment must be reversed.

*Per Curiam.*—The judgment is reversed with costs. To be certified, &c.

*J. H. Farnham*, for the plaintiff.
*C. Dewey*, for the defendant.